BARCROFT, D. B. A. BARCROFT ADVERTISING AGENCY, ET AL., APPELLANTS, v. PAUL WINSTON & CO., ET AL., APPELLEES.*

(No. 2616—Decided May 26, 1961.)

*Mr. Emanuel Nadlin*, for appellants.

*Messrs. Harshman, Young, Colvin & Alexander*, for appellees Paul Winston & Company and Dayton Productions, Inc.

*Mr. Earl Allison*, prosecuting attorney, and *Mr. George Ruble*, for appellee Board of Directors of Franklin County Memorial Building.

CRAWFORD, J. This appeal on questions of law is taken from the action of the Common Pleas Court in sustaining demurrers to the petition and amended (or supplemental) petition in dismissing the Board of Directors of the Franklin County Memorial Building as a party defendant, and in dismissing the action.

Many facts and circumstances not included in the allegations of the petition are asserted in the briefs and arguments, none of which, of course, may be considered upon demurrer. We must confine ourselves to the allegations of the petition. Section 2309.08, Revised Code.

The first paragraph of the petition alleges that the five plaintiffs named bring this as a class action on behalf of themselves and of numerous other parties similarly interested.

The first cause of action alleges that defendant Paul Winston & Company operated a theatrical production business in

---

*Motion to certify the record overruled (37222), November 15, 1961, Appeal as of right dismissed, 172 Ohio St., 487.

Dayton and Columbus and that on or about August 5, 1958, "sold and transferred in bulk, and otherwise than in the ordinary course of trade or in the regular and usual process of such business, the whole of the stock of goods, and merchandise, and fixtures pertaining to the conduct of such business, to the defendant, Dayton Productions, Inc., who failed and neglected to receive from the seller a sworn list of its creditors," and to proceed thereon as required by the Bulk Sales Act, Sections 1313.53, 1313.54 and 1313.55.

The second cause of action adds the allegation that the defendant Board of Directors of the Franklin County Memorial Building have in their possession the sum of $4,000.00 in unearned rent, prepaid by Paul Winston & Company.

The third cause of action adds that the defendant Paul Winston & Company has other additional assets in the form of accounts receivable and work in process to an extent and value still undetermined.

The prayer of the original petition is for the impressing of a trust upon all such assets as may be disclosed upon hearing, appointment of a receiver, etc.

This petition was, by agreement, supplemented by a fourth cause of action which alleges that the defendant Paul Winston & Company is indebted to the plaintiffs in the sum of $6,275.68; that while so indebted it transferred certain of its assets to the defendant, Dayton Productions, Inc., for an unknown consideration; and that the transfer included:

"* * * an assignment of its lease to Memorial Hall in Dayton, Ohio, and other merchandise and fixtures necessary for the production of plays scheduled to be performed at Memorial Hall, Dayton, Ohio, by said defendant, and thereafter staged by said defendant who has since received the total cash receipts therefrom; that said conveyance was made by Paul Winston & Co. in contemplation of insolvency and with a design on its part to prefer stockholders of the defendant, Dayton Productions, Inc. to the exclusion of these plaintiffs and all other creditors similarly situated; that the said Dayton Productions, Inc. by and through its president and other officers then knew that the said Paul Winston & Co. was indebted to these plaintiffs and other creditors, and insolvent."

An additional prayer is attached to the fourth cause of ac-

tion asking that the defendant Dayton Productions, Inc., be required to state the consideration paid, and that if the consideration is so deficient as to render the transaction fraudulent the sale be for that reason set aside and a receiver appointed; and that if the consideration was sufficient the court find that the transfer was intended as a preference, and that whatever preference the defendant stockholders may have acquired over these plaintiffs and the other creditors of the defendant Paul Winston & Company may be declared void and set aside, etc.

The defendant Paul Winston & Company, designating itself as a limited partnership, and Paul Winston as its general partner, filed a demurrer to the petition in three branches, claiming (1) failure to state a cause of action, (2) misjoinder of parties defendant, and (3) misjoinder of causes of action, if any. The defendant Dayton Productions, Inc., filed an identical demurrer.

The court sustained branches 1 and 2 and overruled branch 3. The entry journalizing the decision dismissed the defendant Board of Directors of the Franklin County Memorial Building of Columbus and dismissed the action with prejudice, at plaintiffs' costs.

These rulings and orders are assigned as error.

In the first cause of action plaintiffs are obviously seeking relief under the provisions of the Bulk Sales Act of Ohio, Sections 1313.53, 1313.54 and 1313.55, Revised Code. This Act, being in derogation of the common-law right to contract, must be strictly construed. 25 Ohio Jurisprudence (2d), 592, Fraudulent Conveyances, Section 161.

By the terms of these sections, comprising the Bulk Sales Act, the law applies to the sale and transfer of merchandise in bulk and fixtures connected with merchandising; it does not apply to a theatrical production business.

"It is held that the Bulk Sales Law applies only to the sale and transfer of merchandise in bulk, and the fixtures of a business used only in connection with merchandising. So, it does not apply to a hotelkeeper so as to bring a sale in bulk of hotel fixtures within its provisions. The supplies kept on hand by a restaurateur to be used by him in serving his customers, including fixtures and utensils, are held not to constitute merchandise within the Bulk Sales Law. However, it is held that a restaurateur who, in addition to the usual conduct of his restaurant, also

engages in the sale of smoking material and chewing gum is to that extent a merchant who must comply with the Bulk Sales Law in the sale of such goods and the fixtures used in connection therewith." 25 Ohio Jurisprudence (2d), 594, Fraudulent Conveyances, Section 162.

Plaintiffs emphasize the "sale" of tickets, programs, etc., and the use of advertising media, arguing that this constitutes merchandising. Such activities and such items are merely incidental to the main business of theatrical production and cannot be used to expand the statutory restraint upon sales contracts.

Nor is the securing of a lease to a place of performance merchandising, nor the prepayment of rent therefor a transfer of merchandise or fixtures of such a business. Hence, the Board of Directors of the Franklin County Memorial Building were not proper parties and were improperly joined, and the court properly dismissed the board as a party defendant.

The fourth cause of action, as both sides agree in their briefs, is framed upon the basis of Sections 1313.56 and 1313.57, Revised Code. There is no allegation of facts to show any violation of these sections. This portion of the pleading merely asks the court to find whether such facts exsit. Some legal conclusions are stated, to be sure, but such conclusions without facts to support them are not proof against demurrer.

The first two grounds in the demurrer were properly sustained. No causes of action having been stated, there could be no improper joinder of causes; the third or alternative ground of the demurrer was, therefore, properly overruled.

There is nothing in the record to show any request by the plaintiffs for leave to plead further. We must assume, therefore, that they made no such request. 43 Ohio Jurisprudence (2d), 232, Pleadings, Section 222. Hence the court properly dismissed the action.

A number of other aspects of the case were argued, but none of them serves to overcome the insufficiency of the pleadings. We mention two of these arguments by way of illustration. It was urged that the court had granted partial relief in ordering one of counsel to act as a kind of informal receiver. Merely because counsel had, with the approval of the court, entered into a stipulation that one of them should preserve the status quo

with respect to assets under his control, does not create such a situation as will waive the requirement that a cause of action be alleged.

And decisions in other jurisdictions based upon the particular language of the statutes will not prevail against the settled construction of the Ohio statute by the Ohio courts.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.